No. ——

First Circuit

---

ELLFORS v. GLASSER

---

(June 26, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 625.**
   The finding of fact of the trial court that the defendant voluntarily abandoned

his automobile which was worth $350.00 at the time to the plaintiff, being clearly correct, is affirmed.

## 2. Louisiana Digest—Appeal—Par. 625.

The finding of fact by the trial court that the defendant's reconventional demand for the value of movables was not proven, being clearly correct is affirmed.

Appeal from the Parish of Pointe Coupee, Hon. Wm. Carruth, Judge.

Action by Fred Ellfors against Thos. H. Glasser. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Bouanchaud and Kearney, of New Roads, attorneys for plaintiff, appellee.

Claiborne and Claiborne, of New Roads, attorneys for defendant, appellant.

ELLIOTT, J. Dissents in part. Reasons attached.

MOUTON, J. Defendant bought an Essex touring car from the National Motor Company for which, in part payment, he executed his promissory note for $850.00 in favor of the company. Plaintiff endorsed this note, subsequently paid it, and brings this suit against defendant for its face value with eight per cent interest as therein stipulated. The purchase price of the auto was $1950.00. Defendant claims, in his answer, that plaintiff took illegal possession of the auto and sold it; that he is responsible for the difference between the amount of $850.00 which he paid as endorser of the note, and $1950.00, the purchase price of the auto, that is, for the sum of $1100.00.

Defendant also alleges that plaintiff took illegal possession of property belonging to him consisting of two horses, butcher carts, tools, etc., of the value of $480.00, and that he has converted same to his use against respondent's will. The district judge found that defendant had voluntarily abandoned the auto to plaintiff which had been delivered to him as a credit on the note sued upon. The evidence, we find, fully sustains this conclusion of the trial court. There is therefore no merit in the contention of defendant that plaintiff had illegally taken possession of the auto. It is true the auto had been in use during only one year when it was transferred to plaintiff, but from the condition in which it was at that time, there can be no doubt it had been subjected to rough usage. It appears that before plaintiff got possession of it from defendant that the latter had sold it to Mr. Levee for $350.00. This sale, it is shown, was rescinded as Levee objected to the sale because the car was encumbered with a chattel mortgage. The evidence shows that the car, at that time, was not worth over $350.00. Plaintiff, after obtaining it from defendant, had repairs made on the car amounting to $386.00, and which he paid. After it had been repaired plaintiff used the car for about eleven months. He then purchased a new car from Wilbert and Company, and got a credit of $400.00 for the old auto, on the purchase price of his new car. The district judge, thought under the circumstances of the case, that defendant should receive a credit of $350.00 on the note sued upon, as that was the price for which he had sold the old car to Mr. Levee. This is all the credit to which defendant was entitled as the evidence shows that $350.00 was the value of the auto at the time of its transfer to plaintiff.

The district judge denied the claim of defendant for $480.00 which he contended he should recover from plaintiff for the

movables he alleged plaintiff had taken from him illegally and against his will.

The proof shows clearly, that defendant, who had been a partner of plaintiff in the butcher business, had voluntarily left these movables in the possession of plaintiff.

There is some testimony to the effect that these movables had been left by defendant in the possession of plaintiff as security for a debt plaintiff had paid to the Bank of Lottie. There is some evidence to the contrary it is true, and this question is involved in some doubt. The proof shows that plaintiff and defendant had been partners in the butcher business which had resulted in an unprofitable venture, the real cause that brought on the disagreement between them.

In this suit defendant is not asking for the restoration of these movables, but restricts his demand to a claim for their value. The court found that partnership rights might be involved in reference to the contentions of the parties as to these movables. The court dismissed the reconventional demand of defendant for the movables, as in case of non-suit, reserving him the right of claiming their ownership or value in proper proceedings.

We find no error in this finding and the judgment appealed from is therefore affirmed.

———

Dissenting opinion of Elliott, J.

I concur in all that part of the opinion and decree, which deals with the Essex touring car claimed by plaintiff and the cattle, as they belonged to the partnership; but dissent from that part which rejects plaintiff's demand, as in case of non-suit, concerning the horses, carts, saddle, harness and tools; because these things did not belong to the partnership. Defendant admits that they are plaintiff's individual property. Defendant testifies that the partnership owed a debt to the bank of Lottie and that he paid the debt and took plaintiff's individual property and has held it about two years, as security for the amount due by the partnership which he has paid. Defendant should not be made the judge of the rights of the plaintiff.

The plaintiff testifies just as firmly that the partnership did not owe the bank of Lottie and that there are no partnership debts.

If the partnership owes debts, defendant should have had it liquidated, the partnership property applied thereto and if any debts were left unpaid, should have had the share of each partner allotted as the law provides in such matters. He took plaintiff's individual property, without plaintiff's consent and converted it to his own use in disregard of plaintiff's rights and wishes in the matter. After two years the property is not worth as much as it was at the time. Defendant has tried to sell some of it and may have sold part and should be required to pay the value it had at the time he took it.

The evidence as to its value at that time is not satisfactory; but it was valuable and for want of more satisfactory evidence on the subject of the value of the property at the time it was taken, the case should be remanded for more definite valuation. This would be better than to require the plaintiff to bring a new suit. There is a delay and expense which is unnecessary. The present suit should finish the case and do justice without requiring a new suit.